R. Bradford Huss, No. 71303
TRUCKER ✦ HUSS
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA  94105
Telephone:   (415) 788-3111
Facsimile:    (415) 421-2017
E-mail:        bhuss@truckerhuss.com

Brian D. Murray, No. 294100
TRUCKER ✦ HUSS
A Professional Corporation
15760 Ventura Boulevard, Suite 910
Encino, CA  91436
Telephone:   (213) 537-1016
Facsimile:    (213) 537-1020
E-mail:        bmurray@truckerhuss.com

Attorneys for Defendant
MUFG Union Bank, N.A.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| Emsurgcare, and Emergency Surgical Assistant,<br><br>                        Plaintiffs,<br><br>        vs.<br><br>MUFG Union Bank, N.A., United Food 7 Commercial Workers Union and Food Employers Benefit Fund, and DOES 1-10<br><br>                        Defendant. | Case No. 2:25-cv-03420-GW-JC<br><br>**STIPULATED PROTECTIVE ORDER AND HIPAA QUALIFIED PROTECTIVE ORDER**<br><br>[CHANGES MADE BY COURT TO PARAGRAPHS  4, 7, 9] |
|---|---|

1.    <u>PURPOSES AND LIMITATIONS</u>

As the parties have represented that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information, including but not limited to protected health information ("PHI"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted, this Court enters the following

-1-

Protective Order and HIPAA Qualified Protective Order.  Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), 45 C.F.R. § 164.512, and the applicable local rules, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order and HIPAA Qualified Protective Order.  The parties, by and through their respective counsel, have mutually agreed that a protective order that meets the requirements of a "qualified protective order," as a term defined by 45 C.F.R. § 164.512(e)(1)(v), is necessary and mutually agree to remain in compliance with the Privacy Standards imposed by regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 (45 C.F.R. §§ 160, 164) ("HIPAA") and the Confidentiality of Medical Information Act (California Civil Code § 56–56.37) ("CMIA").

The parties acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order and HIPAA Qualified Protective Order does not entitle them to file confidential information under seal.  Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    GOOD CAUSE STATEMENT

In light of the nature of the claims and allegations in this case and the parties' representations that discovery in this case will involve the production of confidential records, and in order to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the

-2-

parties are permitted reasonable necessary uses of such material in connection with this action, to address their handling of such material at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  The parties shall not designate any information/documents as confidential without a good faith belief that such information/documents have been maintained in a confidential, non-public manner, and that there is good cause or a compelling reason why it should not be part of the public record of this case.

3.    DEFINITIONS

a.    Action: The instant action of Emsurgcare, and Emergency Surgical Assistant v. MUFG Union Bank, N.A., United Food 7 Commercial Workers Union and Food Employers Benefit Fund, and DOES 1-10.

b.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

c.    Confidential Information or Items: information (regardless of how it is generated, stored, or maintained), tangible things, or PHI, as defined under HIPAA and the Federal Regulations enacted pursuant to HIPAA, that qualify for protection under Federal Rule of Civil Procedure 26(c), CMIA, HIPAA, and as specified above in the Good Cause Statement.

d.    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

e.    Designating Party: a Party or Non-Party that designates information or items that they produce in disclosures or in responses to discovery as "CONFIDENTIAL."

f.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

g.    Expert(s): a person or persons with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or their counsel to serve as an expert witness or as a consultant in this action.

h.    House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

i.    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.  "Non-Parties" means more than one "Non-Party" as defined in this section.

j.    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

k.    Party: any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).  "Parties" means more than one "Party" as defined in this section.

l.    Privacy Standards: the Standards for Privacy of Individually Identifiable Health Information under 45 C.F.R. §§ 160, 164.

m.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

n.    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

o.    Protected Health Information or "PHI": information, as set forth in 45 C.F.R. §§ 160.103 and 160.501, that includes, but is not limited to, health information, including demographic information relating to either: (a) the past,

present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment of care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(1) PHI includes without limitation, medical bills, claims forms, charges sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanation of benefits, checks, notices, and requests, and includes all notes, summaries, compilations, extracts, abstracts, or oral communications based on or derived from PHI regardless of form or format.

(2) PHI also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that have, are based on, or are derived from PHI.

(3) PHI further includes information or pictures that may reasonably identify an individual.

p.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

q.    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

4.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material other than during a court hearing or at trial.    However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a

-5-

Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the Information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material during a court hearing or at trial shall be governed by a separate agreement or order.

5.    DURATION

Even after final disposition of this Action, the parties recognize that it may be necessary, during this proceeding, to produce, reveal, receive, obtain, subpoena, and/or transmit PHI of others to or from other parties and Non-Parties. The confidentiality obligations set forth in this Order shall remain in effect even after the final resolution of this Action, unless modified by written agreement of the Designating Party of by further order of the Court. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6.    DESIGNATING PROTECTED MATERIAL

a.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept

unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the Action development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that they designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that they are withdrawing the mistaken designation.

b.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(1)    for information in documentary form (e.g., papers or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  If the Confidential Information used or disclosed is PHI, the Designating Party shall affix the phrase "CONFIDENTIAL" on each page containing the PHI.

(2)    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material they would like copied and produced. During the inspection and before the designation, all of the material made available

-7-

for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents they want copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(3)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(4)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

c.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

7.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

a.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.    Unless    a    prompt    challenge    to    a    Designating    Party's

1  confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

2  unnecessary economic burdens, or a significant disruption or delay of the Action, a

3  Party does not waive its right to challenge a confidentiality designation by electing

4  not to mount a challenge promptly after the original designation is disclosed.

5        b.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute

6  resolution process under Local Rule 37-1 et seq., and by providing written notice of

7  each designation they are challenging and describe the basis for each challenge.  To

8  avoid ambiguity as to whether a challenge has been made, the written notice must

9  recite that the challenge to confidentiality is being made in accordance with this

10  specific paragraph of the Protective Order.  The parties shall attempt to resolve each

11  challenge in good faith and must begin the process by conferring directly (in voice

12  to voice dialogue; other forms of communication are not sufficient) within 14 days

13  of the date of service of notice.  In conferring, the Challenging Party must explain

14  the basis for its belief that the confidentiality designation was not proper and must

15  give the Designating Party an opportunity to review the designated material, to

16  reconsider the circumstances, and, if no change in designation is offered, to explain

17  the basis for the chosen designation.  A Challenging Party may proceed to the next

18  stage of the challenge process only if they have engaged in this meet and confer

19  process first or establish that the Designating Party is unwilling to participate in the

20  meet and confer process in a timely manner.

21        c.    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without

22  Court intervention, the Designating Party shall file and serve a motion to retain

23  confidentiality that is otherwise consistent with Civil Local Rule 37-1, et seq. (and

24  in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

25  initial notice of challenge or within 14 days of the parties agreeing that the meet and

26  confer process will not resolve their dispute, whichever is earlier.  Each such

27  motion must be accompanied by a competent declaration affirming that the

28  movant has complied with the meet and confer requirements imposed in the

-9-

preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time consistent with the District Judge's Scheduling Order if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    ACCESS TO AND USE OF PROTECTED MATERIAL

a.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

authorized under this Order and in accordance with the Privacy Standards while PHI is in their possession.

      b.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

      (1)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

      (2)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (3)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (4)    the Court and its personnel;

      (5)    court reporters and their staff (to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

      (6)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1         (7)    the author or recipient of a document containing the information

2 or a custodian or other person who otherwise possessed or knew the information;

3         (8)    during their depositions, witnesses, and attorneys for witnesses,

4 in the action to whom disclosure is reasonably necessary and who have signed the

5 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

6 agreed by the Designating Party or ordered by the Court.  Pages of transcribed

7 deposition testimony or exhibits to depositions that reveal Protected Material must

8 be separately bound by the Court reporter and may not be disclosed to anyone except

9 as permitted under this Stipulated Protective Order and HIPAA Qualified Protective

10 Order;

11         (9)    any mediator or settlement officer, and their supporting

12 personnel, mutually agreed upon by any of the parties engaged in settlement

13 discussions.

14         (10)  the author or recipient of a document containing the information

15 or a custodian or other person who otherwise possessed or knew the information.

16 9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

17     <u>OTHER LITIGATION</u>

18     If a Party is served with a subpoena or a court order issued in other litigation

19 that compels disclosure of any information or items designated in this action as

20 "CONFIDENTIAL," that Party must:

21     a.    promptly notify, in writing, the Designating Party.  Such notification

22 shall include a copy of the subpoena or court order unless prohibited by law;

23     b.    promptly notify in writing the party who caused the subpoena or order

24 to issue in the other litigation that some or all of the material covered by the

25 subpoena or order is subject to this Protective Order.  Such notification shall include

26 a copy of this Stipulated Protective Order and HIPAA Qualified Protective Order;

27 and

28     -12-

c.    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless otherwise required by the law or court order.    The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION</u>

a.    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."    Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.    Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

b.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    promptly provide the Non-Party with a copy of the Stipulated Protective Order and HIPAA Qualified Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information

1   requested; and

2          (3)   make the information requested available for inspection by the

3   Non-Party.

4        c.   If a Non-Party represented by counsel fails to commence the process

5   called for by Local Rules 45-1 and 37-1, et seq. within 14 days of receiving the

6   notice and accompanying information or fails contemporaneously to notify the

7   Receiving Party that it has done so, the Receiving Party may produce the Non-

8   Party's confidential information responsive to the discovery request.  If the Non-

9   Party fails to object or seek a protective order from this court within 14 days of

10   receiving the notice and accompanying information, the Receiving Party may

11   produce the Non-Party's confidential information responsive to the discovery

12   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

13   not produce any information in its possession or control that is subject to the

14   confidentiality agreement with the Non-Party before a determination by the Court

15   unless otherwise required by the law or court order.  Absent a court order to the

16   contrary, the Non-Party shall bear the burden and expense of seeking protection in

17   this court of its Protected Material.

18   11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

19        If a Receiving Party learns that, by inadvertence or otherwise, they have

20   disclosed Protected Material to any person or in any circumstance not authorized

21   under this Stipulated Protective Order and HIPAA Qualified Protective Order, the

22   Receiving Party must immediately (a) notify in writing the Designating Party of the

23   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies

24   of the Protected Material, (c) inform the person or persons to whom unauthorized

25   disclosures were made of all the terms of this Order, and (d) request such person or

26   persons to execute the "Acknowledgment and Agreement to Be Bound" that is

27   attached hereto as Exhibit A.

28   

-14-

12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

13.    <u>MISCELLANEOUS</u>

a.    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

b.    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right they otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order and HIPAA Qualified Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

c.    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge.  Protected Material may only be filed under seal

-15-

pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the Court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the Court.

14.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material per the Privacy Standards. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.    <u>ENFORCEMENT</u>

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: October 17, 2025          /s/Jonathan A. Stieglitz
                                 Jonathan A. Stieglitz
                                 Attorneys for Plaintiffs Emsurgcare, and
                                 Emergency Surgical Assistant


DATED: October 17, 2025          /s/Brian D. Murray
                                 Brian D. Murray
                                 Attorney for Defendant
                                 MUFG Union Bank, N.A.


I attest that my firm has obtained concurrence in the filing of this document from all Counsel.

Dated: October 17, 2025          TRUCKER ✦ HUSS


                                 By: /s/Brian D. Murray
                                  Brian D. Murray
                                  Attorneys for Defendants
                                  MUFG Union Bank, N


PURSUANT TO STIPULATION, IT IS SO ORDERED AS MODIFIED.


DATED: _October 17, 2025_          _____/s/_____

                                 ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
                                 Honorable Jacqueline Chooljian
                                 United States Magistrate Judge

-17-

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order and HIPAA Qualified Protective Order that was issued by the United States District Court for the Central District of California on October 17, 2025 in the case of *Emsurgcare, and Emergency Surgical Assistant v. MUFG Union Bank, N.A.*, Case No. 2:25-cv-03420-GW-JC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and HIPAA Qualified Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order and HIPAA Qualified Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order and HIPAA Qualified Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order and HIPAA Qualified Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Trucker ♦ Huss
A Professional Corporation
135 Main Street, 9th Floor
San Francisco, CA 94105